IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCUS D. MCQUEEN, #177 303, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:20-CV-389-MHT |
| | ) | [WO] |
| DEPARTMENT OF CORRECTION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

This matter is pending before the court on a 42 U.S.S. § 1983 complaint filed by Plaintiff Marcus McQueen, an inmate incarcerated at the Fountain Correctional Facility in Atmore, Alabama. Plaintiff submits the captioned action on a non-prisoner complaint form challenging the conditions of confinement at Fountain and claiming correctional staff subject inmates to unconstitutional uses of force.  Upon review, the court finds this case should be transferred to the United States District Court for the Southern District of Alabama under 28 U.S.C. § 1404(a).[1]

## II.  DISCUSSION

A 42 U.S.C. § 1983 "civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal

---

[1] Upon initiation of this civil action, Plaintiff filed an application for leave to proceed *in forma pauperis*. Doc. 2.  However, under the circumstances of this case, the court finds that a ruling on such application, including assessment and collection of any filing fee, should be undertaken by the United States District Court for the Southern District of Alabama.

jurisdiction with respect to such action."  28 U.S.C. § 1391(b).  The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]"  28 U.S.C. § 1404(a).

The Fountain Correctional Facility is within the jurisdiction of the United States District Court for the Southern District of Alabama.  The actions about which Plaintiff complains are occurring at a correctional institution located in the Southern District of Alabama. And it appears most material witnesses and evidence associated with those claims relevant to Plaintiff's allegations  are in the Southern District of Alabama.

In light of the foregoing and in accordance with applicable federal law, the court concludes that in the interest of justice, this case should be transferred to the United States District Court for the Southern District of Alabama for review and disposition.[2]

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be TRANSFERRED to the United States District Court for the Southern District of Alabama under 28 U.S.C. § 1404(a).

It is ORDERED that **on or before June 25, 2020**, Plaintiff may file an objection to the Recommendation.  Plaintiff is advised he must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive, or general objections will not be considered by the court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

---

[2]In transferring this case, the court makes no determination with respect to the merits of the claims presented in the complaint.

Failure to file a written objection to the proposed factual findings and legal conclusions in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 11th day of June 2020.


     /s/    Charles S. Coody                        
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE